ELECTRONICALLY FILED - 2020 Jul 28 11:31 AM - DORCHESTER - COMMON PLEAS - CASE#2020CP1801112

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE FIRST JUDICIAL CIRCUIT |
| COUNTY OF DORCHESTER ) | |
| ) | |
| ROBERT DANA GREEN, ) | |
| ) | CASE NO.: 2020-CP--_____ |
| Plaintiff, ) | |
| vs. ) | |
| ) | SUMMONS |
| PHILIP HABERMEHL ) | |
| ) | Certified Process Server |
| Defendant. ) | Ninth Judicial Circuit |
| _____) | I.D.# _SAM 0854_ |
| | 5/28/20 4:58p |

TO THE ABOVE-NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your Answer to the Complaint upon the subscriber, Jason S. Stevens, at his office at 215 East Bay Street, Suite 500-H, Charleston, South Carolina 29401, within thirty (30) days of the service hereof, exclusive of the day of such service.

YOU ARE HEREBY GIVEN NOTICE FURTHER that, if you fail to answer the Complaint as required by this Summons within thirty (30) days after the service hereof, judgment by default will be rendered against you for the relief demanded in the Complaint.

s/ Jason S. Stevens
Jason S. Stevens
*Attorney for Plaintiff*
215 East Bay Street, Suite 500h
Charleston, South Carolina 29406
(p)(843)789-3620
(f)(843)414-7240

July 28, 2020

Charleston, South Carolina

Exhibit 1
Scanned with CamScanner

ELECTRONICALLY FILED - 2020 Jul 28 11:31 AM - DORCHESTER - COMMON PLEAS - CASE#2020CP1801112

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE FIRST JUDICIAL CIRCUIT |
| COUNTY OF DORCHESTER ) | |
| ) | |
| ROBERT DANA GREEN, ) | |
| ) | CASE NO.: 2020-CP-_____ |
| Plaintiff, ) | |
| vs. ) | |
| ) | COMPLAINT |
| PHILIP HABERMEHL, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

TO THE ABOVE NAMED DEFENDANT:

Plaintiff Sherise Vereen (hereinafter referred to as "the Plaintiff"), by and through His undersigned counsel, hereby shows by way of verified Complaint unto this Honorable Court as follows:

The Plaintiff complaining of the Defendant alleges and says as follows:

1. That the Plaintiff at all relevant times is a resident and citizen of Dorchester County, South Carolina.

2. That the Defendant at all relevant times is a resident and citizen of Dorchester County, South Carolina.

3. That all relevant events relating to this matter occurred in Walterboro County, South Carolina.

4. That this Honorable Court has jurisdiction over the parties, subject matter and venue is proper in this Court.

5. On or about December 1, 2017 at the intersection of Augusta Highway (State hwy. 61) and Jeffries Highway (U.S. hwy. 15). Plaintiff's vehicle was struck head on by timber that was being transported in a vehicle driven by. Philip Habermehl.

6. Due to the force caused by the timber ejected from Defendant's vehicle into Plaintiff's lane and Plaintiff's inability to stop prior to colliding with the ejected timber, Plaintiff suffered significant personal and property damages.

7. Plaintiff sought treatment for his injuries in the weeks and months following the accident causing him to incur expenses that she is entitled to be reimbursed for.

8. Plaintiff experienced and continues to experience pain and suffering which she is entitled for just compensation.

9. Plaintiff suffered lost wages as a result of the Defendant's actions including having to purchase a trailer to transport goods related to his employment as his vehicle was rendered immobile and, therefore, Plaintiff was unable to perform his duties related to his employment in the same manner causing substantial loss.

10. Plaintiff suffered damages related to storage fees due to Defendant's failure to repair Plaintiff's vehicle, which still remains at a lot incurring storage fees on a per diem basis.

11. Upon notifying Defendant's insured, Defendant's insured alleged that the state law claim fell under the Federal Tort Claims Act as the Defendant was acting in his scope of employment during the time of the accident as a federal government employee.

12. Plaintiff notified Defendant's insurer that the Plaintiff was incurring daily storage fees related to the incident and would continue to incur fees unless and until Defendant made the necessary repairs to have the vehicle removed from the lot where it was being stored.

13. In response, Defendant's insurer claimed that due to internal policies and procedures, they were unable to handle property damage claims and personal injury claims separately.

14. Based on the internal policies and representations of the Defendant's insured, Plaintiff, after notifying Defendant's insured of the substantial damages that would incur as a result of their

ELECTRONICALLY FILED - 2020 Jul 28 11:31 AM - DORCHESTER - COMMON PLEAS - CASE#2020CP1801112

Scanned with CamScanner

position, Plaintiff followed the Defendant's instructions in filling out a "Form 95" for submission pursuant to the Defendant's policies and procedures in an attempt to get the matter resolved without resorting to litigation.

15. Plaintiff was told that the process to evaluate a claim would take approximately six months to complete.

16. After six months lapsed, Plaintiff contacted a representative of Defendant's insured to obtain a status update but was told that further documentation was needed before the evaluation could occur.

17. After submitting the additional documentation, months passed before Plaintiff, again, followed up only to be told that the Defendant's insurance was evaluating the claim but due to the government shut down, there were significant delays in all the cases being evaluated including that of the Plaintiff's.

18. Months passed without any notification from the Defendant's insurance leading to Plaintiff to contact Defendant numerous times over the next year or so.

19. Each time the Plaintiff contacted the Defendant's insurer, Defendant's insurer requested further documentation and/or claimed that the case was under evaluation, and that an offer was forthcoming.

20. Finally, prior to the Covid 19 Pandemic that caused all parties involved further delay, the Defendant's insurer stopped responding to Plaintiff's emails, phone calls and other correspondences leading Plaintiff to file this Complaint.

## FOR A FIRST CAUSE OF ACTION
### (Negligence)

21. Plaintiff adopts, realleges and incorporates herein by reference the allegations contained in Paragraphs 1-20 of the Complaint as if fully and completely set forth herein.

ELECTRONICALLY FILED - 2020 Jul 28 11:31 AM - DORCHESTER - COMMON PLEAS - CASE#2020CP1801112

Scanned with CamScanner

22. Defendant owed a duty to Plaintiff to obey all traffic laws and operate his vehicle, as a reasonably prudent person would drive under same or similar circumstances.

23. Defendant owed a duty to Plaintiffs to obey all traffic laws and operate their vehicle, as a reasonably prudent person under same or similar circumstances.

24. Defendant breached their duty to Plaintiff by:
    a. Failing to operate their vehicle in a reasonable manner,
    b. Failing to obey all relevant traffic laws,
    c. Driving too fast and/or driving too fast for conditions,
    d. Failing to pay attention to the traffic around of their vehicle,
    e. Failing to pay proper attention due to texting while driving, talking on their phone or performing some other task that diverted their attention from the Plaintiffs' vehicle, and/or
    f. Failing to stop prior to colliding into the Plaintiffs' vehicle.

25. Defendant's actions in failing to exercise reasonable care including but not limited to all of the actions and inactions outlined in paragraph thirteen above directly and proximately caused the Plaintiffs' injuries and property damage.

## FOR A SECOND CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)

26. Plaintiff adopts, re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1-25 of the Complaint as if fully and completely set forth herein.

27. Defendant's unreasonable conduct inflicted severe emotional distress on Plaintiff as a result of the injuries sustained.

ELECTRONICALLY FILED - 2020 Jul 28 11:31 AM - DORCHESTER - COMMON PLEAS - CASE#2020CP1801112

Scanned with CamScanner

28. Defendant knew, or should have known, that their complete failure to obey traffic laws otherwise operate his vehicle with reasonable care would cause the Plaintiff extreme emotional distress or mental injury.

29. Defendant's conduct was so extreme and outrageous as to exceed all possible bounds of decency and is regarded as atrocious and utterly intolerable in a civilized community.

30. Defendant's actions caused the plaintiff severe emotional distress so severe that no reasonable person could be expected to endure it.

**WHEREFORE**, the Plaintiff prays:

a. That judgment be entered against the Defendant for such actual, consequential and punitive damages as this Court and/or a jury deems appropriate;

b. For a trial by jury;

c. That judgment be entered against the Defendant for costs, prejudgment interest and attorney's fees to the extent the law will allow;

d. For such other and further relief as is just and proper.

Law Office of Jason S. Stevens, LLC

s/ Jason S. Stevens
Jason S. Stevens
*Attorney for Plaintiff Robert Dana Green*

July 28, 2020

Charleston, South Carolina

ELECTRONICALLY FILED - 2020 Jul 28 11:31 AM - DORCHESTER - COMMON PLEAS - CASE#2020CP1801112

Scanned with CamScanner